# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| REGINA CEBAK, as natural guardian of A.A., a minor, 1483 Chain Bridge Rd., Ste. 103 McLean, VA 22201,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER CARDEN, individually and in his official capacity as an agent and employee of GREAT MILLS HIGH SCHOOL AND ST. MARY'S COUNTY PUBLIC SCHOOLS, 22085 Grand Harvest Ln., Apt. 103 Lexington Park, MD 20653-8215, St. Mary's County, MD,<br><br>ST. MARY'S COUNTY PUBLIC SCHOOLS BOARD OF EDUCATION, 23160 Moakley St., Leonardtown, MD 20650, St. Mary's County, MD,<br><br>ST. MARY'S COUNTY PUBLIC SCHOOLS, 23160 Moakley St., Leonardtown, MD 20650, St. Mary's County, MD,<br><br>and<br><br>DR. MICHAEL J. MARTIRANO, in his official capacity as Superintendent of GREAT MILLS HIGH SCHOOL AND ST. MARY'S COUNTY PUBLIC SCHOOLS, 23160 Moakley St., Leonardtown, MD 20650, St. Mary's County, MD,<br><br>Defendants. | C.A. NO. _____<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

(Demand for Jury Trial)

Plaintiff A.A., by and through her undersigned attorney, David A. Burger, Esq., hereby brings this action against the Defendants Christopher Carden, St. Mary's County Public Schools Board of Education, St. Mary's County Public Schools, and Dr. Michael J. Martirano and in support thereof, alleges as follows:

## JURISDICTION AND VENUE

1) This is a civil action for damages arising under Maryland Common Law and Articles 24 and 26 of the Maryland Declaration of Rights, the First, Fourth, Ninth, and Fourteenth Amendments to the United States Constitution, The Civil Rights Act of 1964 – 42 U.S.C. §§ 1983 and 1988, and The Education Amendments of 1972 – 20 U.S.C. §§ 1681 - 1688. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §1331, 1343(a)(3) and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2) Personal jurisdiction is proper since all parties reside in the District, conduct business and/or are organized within the District, and/or the unlawful actions giving rise to the claim took place within this District.

3) Venue is properly in this Court pursuant 28 U.S.C. §1391(b) because the events giving rise to the suit occurred in this Judicial District.

## PARTIES

4) Plaintiff Regina Cebak, an adult individual, is a resident of Maryland and the natural parent and

guardian of the Minor Plaintiff, A.A., hereinafter identified in Paragraph 5. Regina Cebak may be contacted, for purposes of this litigation through her counsel, David A. Burger of The Burger Law Firm, 1483 Chain Bridge Road, Suite 103, McLean, VA 22101.

5) Plaintiff A.A., a minor, is a female who resided in Maryland and attended Great Mills High School ("GMHS"), part of St. Mary's County Public Schools, at all relevant times. She may be contacted for purposes of this litigation through her counsel, David A. Burger of The Burger Law Firm, 1483 Chain Bridge Road, Suite 103, McLean, VA 22101.

6) Defendant, Christopher Carden ("Carden"), acted individually and under color of law as an agent or employee of Defendants St. Mary's County Public Schools Board of Education, St. Mary's County Public Schools, and GMHS at all relevant times hereto.

7) Defendant, St. Mary's County Public Schools Board of Education ("Board") is a group of individuals duly organized, existing and operating under and pursuant to the applicable laws of the State of Maryland and given the authority under the same to control, administer, supervise, regulate, and make decisions for and on behalf of Defendants St. Mary's County Public Schools and GMHS.

8) Defendant, St. Mary's County Public Schools ("SMCPS") is a municipal organization duly organized, existing and operating under and pursuant to the applicable laws of the State of Maryland and at all relevant times was the employer of all Individual Defendants and as such has responsibility for hiring, training, counseling, supervision, disciplining and retention of its employees. SMCPS has and exercises the authority to control, administer, supervise, regulate, and make decisions for and on behalf of GMHS.

9) Defendant, Dr. Michael J. Martirano, is an adult individual and the Superintendent of SMCPS and at all relevant times, acted in this capacity over GMHS.

## **GENERAL ALLEGATIONS**

10) A.A. was, at all relevant times, a student enrolled at GMHS as a sophomore.

11) During her sophomore year, A.A. was involved in cheerleading and had a large group of friends. A.A. was for all intents and purposes a good student.

12) Carden was, at all relevant times, an Assistant Vice Principal at GMHS.

13) Upon information and belief, GMHS employs a number of Vice Principals and assigns each one to a group of students to serve in a mentor role.  Carden was assigned as A.A.'s Vice Principal and was responsible for monitoring her experience and performance at GMHS, including grades, goals, and achievements.

14) During A.A.'s freshman year at GMHS, Carden approached A.A. in the school cafeteria and pulled her out of the lunch line to ask her personal questions, such as "do you have a boyfriend?" and "does your boyfriend go to this school?"

15) Next year, Carden's inappropriate behavior intensified.

16) Between January 1 and March 31, 2013, Carden pulled A.A. out of class on approximately four occasions.

17) During these occasions, Carden made the following comments to and requests of A.A.:

    a. Carden stated he was going to continue checking on A.A. because he felt she was "ducking" him (during this interaction, Carden shut and locked the door to his office);

    b. Carden made numerous statements about A.A.'s long black hair and how much he liked it;

    c. Carden asked A.A. for a photograph of her;

4

    d. Carden asked A.A. for her phone number and specifically asked if he could have it after the school year was over (during this interaction, Carden shut the door to his office);

    e. Carden asked A.A. where she lived;

    f. Carden invited A.A. to go swimming with him (during this interaction, Carden shut the door to his office);

    g. Carden asked A.A. if she had a pool; (during this interaction, Carden shut the door to his office);

    h. Carden asked A.A. if she had a one-piece or two-piece bathing suit (during this interaction, Carden shut the door to his office);

    i. Carden inquired whether A.A. had a boyfriend;

    j. Carden asked A.A. when she would turn 18 (on or about February 14, 2013);

    k. Carden asked A.A. if it would be okay if he kept in touch with her after graduation; and (on or about February 14, 2013); and

    l. Carden asked A.A. what her plans were after graduation (on or about February 14, 2013).

    m. During these occasions, Carden also hugged A.A. and rubbed her hair.

18) A.A's. only disciplinary matter at GMHS occurred as a result of a dress code violation. As punishment for the violation, A.A. served an afternoon in detention at the in-school intervention room.

19) In early 2013, Carden touched A.A. on her lower-back, just above her buttocks, when he was escorting her to the in-school intervention room to serve detention for her dress code violation.

20) On or about March 22, 2013, Carden brought A.A. to his office and touched her on her back, around her waist, and on her lower buttocks.

21) After placing his hand on her buttocks he stated "you feel nice."

22) A.A. reported Carden's actions to her friend, who reported Carden's actions to a GMHS Counselor.

23) Upon information and belief, the Counselor notified the proper authorities.

24) Thereafter, Carden was suspended.

25) A.A. left GMHS to engage in home-schooling.

26) A.A. also quit cheerleading.

27) Since Carden's actions became public, A.A. has received numerous threatening phone calls and text messages from her classmates.

28) A.A. has elected to return to GMHS, however, she is no longer involved in cheerleading and has lost many of her close friends.

29) A.A. has engaged in, and remains, in emotional and psychological therapy to address Carden's actions and the consequences thereto.

30) As a result of Carden's actions, in part, SMCPS has acknowledged its need to increase its employees conduct training and increase accountability within its schools.

### COUNT I:  § 1983 EQUAL PROTECTION VIOLATION, ABUSE OF GOVERNMENTAL AUTHORITY TO ENGAGE IN SEXUAL HARRASMENT AS TO DEFENDANT CARDEN

31) Plaintiffs re-allege and incorporate by reference the allegations in the General Allegations, above and below, as though fully set forth herein.

32) Carden used his powers, governmental authority, and persuasion as an Assistant Vice Principal to target A.A. and engage in sexual harassment to and sexual conduct with A.A., both verbally and physically.

33) A.A., due to her age and vulnerability, could not consent to this type of sexual harassment and

conduct.

34) Due to Carden's government authority as Assistant Vice Principal to GMHS and A.A.'s status a minor student of GMHS, A.A. was susceptible and vulnerable to Carden holding himself out as having the authority to sexually harass and engage in sexual conduct with A.A.

35) Carden, knowing A.A. was vulnerable due to her age, gender, and status as a student, used his government authority as Assistant Vice Principal to GMHS to sexually harass and engage in sexual conduct with A.A.

36) Carden's sexual harassment and sexual conduct was intentional, severe, pervasive, unwelcome, and not consented to by A.A.

37) Carden's sexual harassment and sexual conduct was so pervasive and severe that it would have affected a reasonable person of the same age and gender in A.A.'s same position.

38) Carden's sexual harassment and sexual conduct was so pervasive and severe that it unreasonably interfered with A.A.'s school performance and created a hostile and abusive educational environment.

39) Carden abused his governmental authority for his own sexual gratification.

40) As a direct result, A.A. suffered severe psychological and emotional damages that required immediate and will require long-term medical care.

### COUNT II:  TITLE IX VIOLATION OF A.A.'S RIGHT TO EDUCATION BASED ON GENDER AS TO DEFENDANT CARDEN

41) Plaintiffs re-allege and incorporate by reference the allegations in the General Allegations, above and below, as though fully set forth herein.

42) Carden targeted, sexually harassed, and engaged in sexual conduct with A.A. based on A.A.'s gender.

43) Carden's targeting, sexual harassment, and sexual conduct was intentional, severe, pervasive,

unwelcome, and not consented to by A.A.

44) Carden's sexual harassment and sexual conduct was so pervasive and severe that it would have affected a reasonable person of the same age and gender in A.A.'s same position.

45) Carden's sexual harassment and sexual conduct was so pervasive and severe that it unreasonably interfered with A.A.'s school performance and created a hostile and abusive educational environment.

46) As a direct result, A.A. suffered severe psychological and emotional damages that required immediate and will require long-term medical care.

### COUNT III: BATTERY AS TO DEFENDANT CARDEN

47) Plaintiffs re-allege and incorporate by reference the allegations in the General Allegations, above and below, as though fully set forth herein.

48) Carden intentionally made harmful and offensive contact with Plaintiff by touching A.A.'s buttocks, lower back, waist, hair, and by hugging A.A.

49) Carden's contact with A.A. was particularly harmful and offensive as it was of a sexual nature, often coupled with sexual innuendo.

50) A.A., due to her age and vulnerability, could not consent to Carden's harmful, offensive, and sexual contact.

51) Regardless of A.A.'s age and vulnerability, she did not consent to Carden's harmful, offensive, and sexual contact.

52) As a direct result of these batteries, A.A. suffered severe psychological and emotional damages that required immediate and will require long-term medical care.

### COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO DEFENDANT CARDEN

53) Plaintiffs re-allege and incorporate by reference the allegations in the General Allegations, above

and below, as though fully set forth herein.

54) Carden intentionally engaged in extreme and outrageous conduct by engaging in the following: repeatedly pulling A.A. out of class, repeatedly complimenting A.A.'s hair, touching and rubbing A.A.'s hair, asking A.A. for a photograph of her, asking for A.A.'s phone number, asking if he could call A.A. after the school year, asking A.A. where she lived, inviting A.A. to go swimming with him, asking A.A. if she had a pool, asking A.A. to describe her bathing suit, asking A.A. whether she had a boyfriend, asking A.A. if he could keep in touch with her after graduation, hugging A.A., touching A.A.'s lower back, waist, and buttocks, and telling A.A. that she feels nice.

55) Carden's intentional conduct exceeds the bounds of decency tolerated in a civilized society.

56) As a direct result, A.A. suffered severe psychological and emotional damages that required immediate and will require long-term medical care.

### COUNT V:  VIOLATION OF 42 U.S.C. §1983 *MONELL CLAIM* AS TO DEFENDANTS BOARD, SMCPS, AND MARTIRANO

57) Plaintiffs re-allege and incorporate by reference the allegations in the General Allegations, above and below, as though fully set forth herein.

58) Prior to the events described herein, Defendants Board, SMCPS, and Martirano developed and maintained ordinances, policies, practices and/or customs exhibiting deliberate indifference to the constitutional and other rights of persons enrolled as students at GMHS.

59) Specifically, Defendants Board, SMCPS, and Martirano failed to adequately and properly supervise and train its agents and employees on maintaining proper relationships with students, maintaining proper boundaries with students, identifying students being sexually harassed and/or propositioned and/or abused, properly supervising GMHS students, agents, and employees, and properly observing and ensuring that its students' Constitutional Rights and state rights are upheld.

60) Defendants Board, SMCPS, and Martirano failed to adequately do the aforementioned concerning other of its employees and agents, including but limited to Arturo Vicente Leon III, Ernest Laurel, and Lowell A. Johnson.

61) SMCPS has acknowledged its need to increase its employees conduct training and increase accountability within its schools.

62) The above-described acts and omissions by Defendants Board, SMCPS, and Martirano demonstrated a deliberate indifference to the constitutional and other rights of persons enrolled as students at GMHS, and were the direct and proximate cause of the violations of A.A.'s rights as set forth herein.

63) As a direct result, A.A. suffered severe psychological and emotional damages that required immediate and will require long-term medical care.

### COUNT VI:  NEGLIGENT SUPERVISION – DEFENDANTS BOARD AND SMCPS, AND MARTIRANO

64) Plaintiffs re-allege and incorporate by reference the allegations in the General Allegations, above and below, as though fully set forth herein.

65) Defendants Board, SMCPS, and Martirano knew or should have known by the exercise of diligence and reasonable care that Carden was capable of inflicting, and was inflicting, harm to A.A.

66) Defendants Board, SMCPS, and Martirano failed to use proper care in selecting, training, supervising, and retaining Carden.

67) As a direct and proximate result of Board, SMCPS, and Martirano's failures to exercise diligence and reasonable and proper care, Carden engaged in improper, tortious, and unconstitutional conduct to Plaintiff's detriment.

68) As a direct and proximate result of Defendants Board, SMCPS, and Martirano's failures to exercise diligence and reasonable and proper care, A.A. suffered severe psychological and emotional damages that required immediate and will require long-term medical care.

### COUNT VII:  INVASION OF PRIVACY – DEFENDANT CARDEN

69) Plaintiffs re-allege and incorporate by reference the allegations in the General Allegations, above and below, as though fully set forth herein.

70) Carden used his powers, authority, and persuasion as an Assistant Vice Principal to engage in sexual conduct with A.A., verbally and physically, knowing that A.A. was vulnerable to this type of conduct.

71) A.A., due to her age and vulnerability, could not consent to this type of sexual conduct, both verbal and physical.

72) Carden's conduct constituted multiple intrusions upon Plaintiff's physical solitude and privacy.

73) As a direct result, A.A. suffered severe psychological and emotional damages that required immediate and will require long-term medical care.

### COUNT VIII:  VIOLATION OF ARTICLE 46 OF THE MARYLAND DECLARATION OF RIGHTS – VIOLATION OF EQUAL PROTECTION, ABUSE OF GOVERNMENTAL AUTHORITY TO ENGAGE IN SEXUAL HARRASMENT AND VIOLATION OF A.A.'S RIGHT TO EDUCATION BASED ON GENDER – DEFENDANT CARDEN

1) Plaintiffs re-allege and incorporate by reference the allegations in the General Allegations, above and below, as though fully set forth herein.

2) Plaintiff has been denied Equal Protection and her Right to Education, both as a result, in part, of her gender as been set forth herein.

3) As a direct result, A.A. suffered severe psychological and emotional damages that required immediate and will require long-term medical care.

## PRAYER FOR RELIEF

WHEEFORE, Plaintiffs pray for judgment against Defendants as follows:

A. All lawful damages, including compensatory damages in an amount to be determined, against all Defendants.

B. Medical damages.

C. Nominal damages.

D. Punitive damages in an amount sufficient to punish Defendants and discourage them and others from engaging in similar conduct in the future.

E. Plaintiffs' costs in this action, including reasonable attorney fees pursuant to 42 U.S.C. §1983 and pre and post-judgment interest.

F. Injunctive relief, including but not limited to an order mandating Defendants to provide proper training and counseling to its employees and agents necessary to prevent a recurrence of the illegal and unconstitutional activities described herein.

G. Such other relief as this Court deems just and equitable.

H. Trial by Jury.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | **THE BURGER LAW FIRM** |
| Date: January 7, 2014 | /s/David A. Burger_____ |
|  | David A. Burger, Esq. (Bar No. 18185) |
|  | Kasey H. McNamara, Esq.* |
|  | 1483 Chain Bridge Road, Suite 103 |
|  | McLean, VA 22101 |
|  | (703) 734-8506 – Phone |
|  | (703) 890-3011 - Fax |
|  | dburger@theburgerlawfirm.com |
|  | kmcnamara@theburgerlawfirm.com |
|  | *Attorneys for Plaintiff* |

*Application for admission Pro Hac Vice filed simultaneously with this complaint.*